# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| PERRY HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   CV418-161 |
| | ) |
| TOM DURDEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Perry Hatcher, serving a life sentence for murder at Washington State Prison, alleges in his 42 U.S.C. § 1983 Complaint that the prosecutors and his public defender committed myriad wrongdoings in his state criminal case.  Doc. 1 at 5-6 (discussing Liberty County Superior Court case "2016RIS").  The Court granted Hatcher's request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms.  Docs. 4 & 5.  The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e).[1]

Hatcher alleges that Liberty County District Attorneys Tom

---

[1] Where the plaintiff is proceeding IFP, the Court is required to screen the case and dismiss it at any time the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Durden and "John/Jane Doe" and public defenders John Ely and Luke Moses conspired together to put him behind bars. Doc. 1 at 5-7, 9-17. He contends, among other things, that there were problems with the grand jury and that a constitutionally invalid indictment was lodged against him. *Id*. at 10. He seeks $1,000 in compensatory damages for "each day" he "suffered such violent charges on record," $100 in compensatory damages "per day for each day for the rest of [his] life," $10 million in punitive damages, and fees and costs associated with bringing suit against defendants. *Id*. at 19.

Liberally construed, plaintiff's Complaint alleges malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (the tort of malicious prosecution "remedies detention accompanied . . . by *wrongful institution* of legal process."). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kessler*, 323 F.3d 872, 881 (11th Cir. 2003). But an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id*. at 882. And there is no allegation that the Liberty County criminal case has been resolved in his favor. *See* doc. 1. Indeed,

2

it appears to have been crystalized into a conviction that he is currently serving. *See* http://www.dcor.state.ga.us/GDC/Offender/Query, accessed September 4, 2018. Hatcher therefore cannot pursue a malicious prosecution claim against any defendant until that conviction is overturned.[2]

Further, to the extent he waves at other claims (*see* doc. 1 at 9-17 (listing "defamation," malpractice, and "due process" violations), prosecutors are entitled to absolute immunity from damages for their acts or omissions taken in the course of initiating a prosecution. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *see also Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir.

---

[2]  Indeed, Hatcher complains of defects that necessarily imply his conviction's invalidity. In that case, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

2013) (prosecutor entitled to absolute immunity for initiating prosecution *even if* he did so with malicious intent). And public defenders do not qualify as state actors for purposes of § 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. July 5, 2006) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983). In other words, plaintiff has no § 1983 cause of action against the prosecutors or public defenders involved with his state criminal case. His §1983 Complaint should be **DISMISSED**.[3]

Meanwhile, it is time for Hatcher to pay his filing fee. His PLRA paperwork reflects $116.50 in average monthly deposits. Doc. 4. He therefore owes a $23.30 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall

---

[3] To the extent plaintiff believes he can resuscitate these claims, he remains free to submit an Amended Complaint if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012).

remit the $23.30 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Order and Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order and R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this __19th__ day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA